IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Johnson and Johnson's Moving & Storage, LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:15-cv-2034-RMG ) |
| v. | ) ) **ORDER** |
| Harbortouch Payments, LLC., | ) ) |
| Defendant. | ) ) |

Plaintiffs have filed suit alleging that Defendant, their credit card payment processor, has unlawfully withheld approximately $35,000 in payments that were disputed by Plaintiffs' customers, even though the disputes were resolved in favor of Plaintiffs. (Dkt. No. 1). The matter is now before the Court on Defendant Harbortouch Payments, LLC. ("Defendant")'s Motion to Transfer Venue and to Dismiss for Failure to State a Claim. Plaintiffs have not opposed the motion, and Defendant has submitted a copy of the operative agreement between Plaintiffs and United Bank Card, Defendant's predecessor by merger.

As the exhibit shows, Plaintiffs entered into an agreement via their Merchant Application, executed May 7, 2009, agreeing to be bound by an agreement governing the terms by which UBC/Defendant would process credit card payments submitted to Plaintiffs by their customers. An addendum to the agreement states that "The PARTIES . . . agree that any and all actions, claims, suits or proceedings arising out of or relating (directly or indirectly) to this AGREEMENT . . . and solely between UBC and MERCHANT shall be filed and litigated only in courts located in Hunterdone County, New Jersey, and such courts shall have exclusive jurisdiction over any actions, claims, suits, or proceeding arising out of or relating (directly or indirectly) to this AGREEMENT." (Dkt. No. 5 at 7, citing Addendum § 30). The Supreme

Court has directed that where, as here, a forum selection clause exists in the subject contract, and the defendant has moved for transfer pursuant to 28 U.S.C. § 1404(a), a district court "should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 574 (2013). Finding no such extraordinary circumstances, the Court grants the motion and transfers the case to the District of New Jersey.

Having determined that the case should be transferred to New Jersey for disposition, the Court declines to reach the substantive and choice of law arguments that Defendant makes in support of its Motion to Dismiss. The Motion is therefore GRANTED in part as to the request to transfer venue, and DENIED without prejudice in part as to the motion to dismiss for failure to state a claim.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 1, 2015
Charleston, South Carolina